No. 30,317.

EDITH ROCKEFELLER MCCORMICK et al., as Trustees, etc., *Appellants*, v. CHARLES W. JOHNSON, as Receiver, etc., *Appellee.*

(4 P. 2d 421.)

Opinion filed November 7, 1931.

*C. H. Pugh* and *Austin M. Cowan,* both of Wichita, for the appellants; *L. F. Cooper, W. A. Ayres, C. A. McCorkle, J. D. Fair, W. A. Kahrs,* all of Wichita, and *Robert J. Hilliard,* of Chicago, Ill., of counsel.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson, H. T. Horrell* and *Frederick W. Aley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover money from the receiver of a corporation which was trustee in a trust deed given to secure a bond issue. A demurrer was sustained to the petition, and plaintiffs appeal.

The Edith Rockefeller McCormick Trust is a trust under the laws of Illinois. It owns real estate in Wichita, on which it desired to borrow money. To accomplish its purpose the McCormick trust gave a trust deed to the Guarantee Title and Turst Company of Wichita, as trustee, to secure a bond issue. The trust deed contained provisions for payment by the McCormick trust to the trustee of funds for principal and interest, and for distribution by the trustee to bond and coupon holders of funds so paid. Sums of principal and interest were paid by the McCormick trust to the trustee. The trustee failed, and a receiver was appointed. The McCormick trust sued to establish a preferred claim to assets of the trustee in the hands of the receiver, and to recover the money. The petition included a prayer for general relief.

It is not necessary to reproduce here provisions of the concatenated voluminosity called a trust deed. So far as the money sued for is concerned, the McCormick trust was simply a mortgagor which discharged its obligation by payment to the trustee. It had no interest in the money in the trustee's hands.

In a memorandum decision the district court said:

"When the trustees paid the money to the Guarantee Title and Trust Company they did what they were required to do under the deed of trust, and lost all interest in the money paid except perhaps the right to see that the trustee, the Guarantee Title and Trust Company, paid it to the beneficiaries. The loss, if any, will not be suffered by the trust estate. After the money was paid to the Guarantee Title and Trust Company, it became its duty to pay it to the bondholders and coupon holders under the provisions of the trust deed just quoted."

The McCormick trust is satisfied with the decision discharging it from further liability with respect to the payments which it made. The McCormick trust, however, seizes on the court's suggestion that it might have right to see that the beneficiaries are paid, and appeals because, by sustaining the demurrer, the court denied the right. Treating right as correlative of duty, the McCormick trust rested under no duty to see that the trustee paid bond and coupon holders. The trust deed is barren of provision expressly authorizing or permitting the McCormick trust to exercise privilege to reclaim the money it paid to discharge its debt, and then make distribution to bond and coupon holders, and the nature and purpose of the trust created by the trust deed gave rise to no legal implication of such authority or permission.

Some decisions are cited to the effect that a grantor of property in trust for a specific purpose may sometimes retain such an interest in the property as entitles him in equity to insist on specific performance of the trust. It is not necessary to review the authorities. So far as the funds are concerned which the McCormick trust vicariously seeks to recover, the McCormick trust is not the donor of an express trust. It is an ordinary debtor which has paid its debts by deposit of money with a depositary that received and held it for the account of the bonds and coupons, to the payment of which the depositary was obligated to apply it.

The judgment of the district court is affirmed.